AO 91 (Rev. 11/11) Criminal Complaint                                    AUSA Patrick Mott (312) 554-9133

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

UNITED STATES OF AMERICA

v.

MAURICE BARFIELD

CASE NUMBER:  20 CR 880

**FILED**

**DEC 1 0 2020**

MAGISTRATE JUDGE
GABRIEL A. FUENTES

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about December 8, 2020, at Chicago, in the Northern District of Illinois, Eastern Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a loaded Taurus G2C 9-millimeter semiautomatic pistol, bearing serial number TLX53045, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm |

This criminal complaint is based upon these facts:

__X__  Continued on the attached sheet.

JOSHUA CARROLL
Special Agent, Federal Bureau of Investigation (FBI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: <u>December 10, 2020</u>

*Judge's signature*

City and state: <u>Chicago, Illinois</u>

<u>GABRIEL A. FUENTES, U.S. Magistrate Judge</u>
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, JOSHUA CARROLL, being duly sworn, state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed for one year. I am a member of the FBI's Violent Crimes/Fugitive Task Force ("VC/FTF"). My current responsibilities include the investigation of violent crimes, including, among others, kidnapping, bank robbery, and the apprehension of violent fugitives.

2.      The facts set forth in this affidavit are based on my personal knowledge, my training and experience, and information provided to me by various law enforcement personnel. This affidavit is submitted in support of a criminal complaint alleging that MAURICE BARFIELD has violated Title 18, United States Code, Section 922(g)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging BARFIELD with possession of a firearm by a convicted felon, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

## I.    FACTS SUPPORTING PROBABLE CAUSE

### A.    BARFIELD's Possession of a Firearm

3.      On or about December 8, 2020, the VC/FTF was assisting the Cicero Police Department with executing an arrest warrant for BARFIELD.  Prior to December 8, 2020, members of the VC/FTF reviewed information related to BARFIELD's physical appearance and vehicles used by BARFIELD, including a black Kia Optima with Illinois license plate CH 97494.  At approximately 8:28 a.m. on December 8, 2020, I observed the black Kia Optima parked on South Maryland Avenue south of East 104th Street, Chicago, Illinois.  At approximately 9:40 a.m., a VC/FTF member observed a black male matching the approximate height and weight of BARFIELD walk to the black Kia Optima, open the vehicle's door, and enter the vehicle.  VC/FTF members then approached the vehicle, confirmed that the male was BARFIELD, and placed him under arrest.

4.      At the time BARFIELD was arrested, he was wearing a blue Lacoste shoulder bag.  The bag was located over BARFIELD's shoulder, beneath his black hooded sweatshirt.  BARFIELD stated to one of the VC/FTF members that his "baby" was in the bag.  BARFIELD further stated that his "baby" was a gun.  One of the VC/FTF members then opened the blue Lacoste shoulder bag, identified a Taurus G2C 9-millimeter semiautomatic pistol, bearing serial number TLX53045 (the

"Subject Firearm"), and, after obtaining gloves, removed the Subject Firearm from the bag.

5.     After a VC/FTF member asked BARFIELD if there was a bullet loaded in the chamber of the Subject Firearm, BARFIELD confirmed that there was, but that the safety was on.  BARFIELD added that he kept the Subject Firearm for personal protection and that he had to be ready.  A VC/FTF member rendered the Subject Firearm safe by removing the magazine, which was later determined to contain seven live rounds of 9-millimeter ammunition, and removing one live round of ammunition from the chamber.

6.     BARFIELD was transported by Chicago Police Department officers to the District 5 Police Station for processing. BARFIELD was not questioned by law enforcement while in custody at the District 5 Police Station, but he did make multiple unsolicited statements while in custody.  For example, while BARFIELD was in the District 5 Police Station, multiple VC/FTF members heard BARFIELD state that he kept the Subject Firearm on him for protection.

**B. BARFIELD's Criminal History**

7.     According to court records and law enforcement criminal databases, BARFIELD has prior felony convictions that include:

a.     On or about May 15, 2007, BARFIELD was convicted of possession of 100-400 grams of heroin, in violation of 720 ILCS 570.0/402-A-1-B, in the Circuit Court of Cook County.  The statutory maximum sentence for a violation

3

of 720 ILCS 570.0/402-A-2-B, a class 1 felony, is thirty years of imprisonment. BARFIELD was sentenced to eight years of imprisonment.

      b.      On or about March 23, 2012, BARFIELD was convicted of felony failure to return from furlough while serving a sentence based on a felony conviction, in violation of 720 ILCS 5/31-6(a), in the Circuit Court of Henry County. The statutory maximum sentence for a violation of 720 ILCS 5/31-6(a) involving a failure to return from furlough, a class 3 felony, is five years of imprisonment.  BARFIELD was sentenced to 180 days' imprisonment and two years of conditional discharge.

      c.      On or about January 11, 2018, BARFIELD was convicted of unlawful restraint, in violation of 720 ILCS 5.0/10-3, in the Cook County Circuit Court. The statutory maximum sentence for a violation of 720 ILCS 5.0/10-3, a class 4 felony, is three years of imprisonment.  BARFIELD was sentenced to two years of imprisonment.

### C.    Interstate Nexus

    8.      On December 9, 2020, I spoke to FBI Special Agent Dustin Gourley, who told me the following:

      a.      Special Agent Gourley is a certified interstate nexus expert for firearms and ammunition.

      b.      Based upon his training and experience and the research he conducted, Special Agent Gourley stated that Taurus G2C 9-millimeter semiautomatic pistols are manufactured outside of the state of Illinois.

4

9.      Therefore, the Subject Firearm traveled in interstate commerce prior to BARFIELD's possession of the Subject Firearm.

## II.    CONCLUSION

10.     For all the reasons described above, I respectfully submit that there is probable cause to believe that BARFIELD, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a loaded Taurus G2C 9-millimeter semiautomatic pistol, bearing serial number TLX53045, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1)

FURTHER AFFIANT SAYETH NOT.

JOSHUA CARROLL
Special     Agent,     Federal     Bureau     of
Investigation

SWORN TO AND AFFIRMED by telephone December 10, 2020.

Honorable GABRIEL A. FUENTES
United States Magistrate Judge

5